```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

EMINA MUHAREMOVIC,               )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )      Case No. 4:07CV666-DJS
                                 )
DELBERT O. WYSE,                 )
                                 )
          Defendant.             )
```

## MEMORANDUM AND ORDER

Now before the Court is plaintiff's motion to appoint and substitute a defendant ad litem [Doc. #18]. Defendant has filed no response, and the time for defendant to do so has expired. Accordingly, plaintiff's motion is ready for disposition.

On May 15, 2007, counsel for defendant filed a suggestion of death, stating that the sole defendant, Delbert O. Wyse, died on May 1, 2007. On November 13, 2007, plaintiff filed the current motion asking the Court to appoint a defendant ad litem — specifically, Bryan Edwards, a licensed attorney and a Missouri Bar member, located at 625 North Euclid, St. Louis, Missouri, 63108 — and to substitute him as a party for defendant Wyse. Plaintiff argues that her motion is supported by the following provision of law:

> The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of...[a] personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, <u>if a deceased wrongdoer</u>

> was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem.

Mo. Rev. Stat. § 537.021 (emphasis added).

However, the Court notes that, under Missouri law:

> [P]roof of the existence of liability insurance coverage which insured the deceased tortfeasor is essential to the maintenance of an action against a defendant ad litem appointed pursuant to section 537.021.1, RSMo 1986, and...the absence of such proof renders the appointment of a defendant ad litem erroneous.

Spicer v. Jackson, 853 S.W.2d 402, 403 (Mo. App. W.D. 1993); see also State ex rel. Kasmann v. Hamilton, 731 S.W.2d 345, 347 (Mo. App. W.D. 1987) (holding that failure of the injured party to provide adequate proof of liability coverage of decedents during pertinent period made appointment of defendant ad litem improper). Plaintiff has offered no evidence demonstrating that defendant Wyse was "insured against liability for damages for wrongdoing and [that] damages may be recovered from the wrongdoer's liability insurer." Accordingly, the Court will order plaintiff to file with the Court, on or before January 4, 2008, proof showing that defendant Wyse was insured against liability for damages for wrongdoing and that damages may be recovered from that liability insurer.

**IT IS HEREBY ORDERED** that plaintiff file with the Court, on or before **January 4, 2008**, proof showing that defendant Delbert

O. Wyse was insured against liability for damages for wrongdoing and that damages may be recovered from that liability insurer.

Dated this ___29th___ day of November, 2007.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE